# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

**RHONDA K. WELLMAN**,

       *Plaintiff,*

v.                                    **Case No.: 3:18-cv-00091**

**HASAN NORJIGITOV, and
KEEN CARGO INC.,**

       **Defendants.**

## MEMORANDUM OPINION and ORDER

Pending are Plaintiff's Motion to Compel Defendant to Provide Responses to Plaintiff's Second Set of Request for Production of Documents, (ECF No. 60), and Plaintiff's Notice of Withdrawal of Motion to Compel Defendant to Provide Responses to Plaintiff's Second Set of Request for Production of Documents, (ECF No. 69). In view of the Notice of Withdrawal, the Motion to Compel is **DENIED**, (ECF No. 60), as moot.

Also pending is Plaintiff's Amended Motion to Compel Defendant Keen Cargo Inc. to Provide Sufficient Answers to Plaintiff's Interrogatories, (ECF No. 52). Defendant Keen Cargo Inc. ("Keen") has responded in opposition to the Motion, (ECF No. 58), and Plaintiff has replied. (ECF No. 62). For the reasons that follow, the Motion is **GRANTED**, in part, and **DENIED**, in part, as set forth below.

### Interrogatory No. 2

Plaintiff asks Keen to provide information about each lawsuit and claim asserted in the past five years where it was suggested or alleged that a person was injured or killed as a result of an act or omission of someone driving for Keen. In response, Keen provided

1

the style of a single lawsuit that was filed in Brooke County, West Virginia. Plaintiff found this answer to be deficient, because Plaintiff was aware that drivers for Keen had been involved in fifteen accidents in the last twenty-four months, seven of which resulted in injuries to fourteen people. Keen defended its response, however, indicating that the Brooke County lawsuit was "the only suit known to [Keen] in which it was named as a defendant." (ECF No. 58 at 1). Keen explained that it did not employ drivers or independent contractors as drivers. Instead, it contracted with other companies to supply drivers and paid those companies directly.

Having carefully reviewed the interrogatory and Keen's answer, the Court **ORDERS** Keen within **seven days** of the date of this Order to provide Plaintiff with the information requested in Interrogatory No. 2 for any claim or lawsuit *known to Keen* involving a vehicle transporting shipments as part of, or on behalf of, Keen's business operations, regardless of who was driving the vehicle and regardless of whether Keen was sued or named in the claim or lawsuit. Plaintiff did not ask only for claims or lawsuits in which Keen was named as a party, nor did Plaintiff show any particular concern regarding the legal relationship between Keen and Keen's drivers. Rather, Plaintiff sought information about claims and lawsuits involving individuals transporting shipments for Keen. Consequently, Keen should provide that information

**Interrogatory No. 3**

Plaintiff requests information regarding communications "of any kind" between "any federal and/or state agency and Keen" during the past five years that involve compliance or noncompliance with state and/or federal laws and/or regulations. Keen objects to the interrogatory as overly broad, arguing that being asked to "identify and explain" every such communication from the multitude of agencies with which Keen

interacts for a period of five years is unreasonable on its face. Keen points out that the request does not limit its scope to communications concerning the co-defendant or even to Keen, itself; rather, it seeks **all** communications.

The undersigned agrees with Keen that Plaintiff's request is overly broad on its face. Plaintiff fails to identify any particular agency, either state or federal, or any specific type of regulation(s) about which she seeks information. Keen is an interstate motor carrier likely subject to laws, regulations, rules, and agency oversight by the forty-eight contiguous states, as well as the United States. Many of these laws, rules, and regulations have no relevance to this case. Consequently, Keen's compliance or noncompliance with them is irrelevant. An interrogatory that requires Keen to search, gather, identify, and explain useless communications is not proportional to the needs of the case and, thus, is beyond the scope of permissible discovery. *See* Fed. R. Civ. P. 26(b)(1). Therefore, Plaintiff's motion to compel an additional response to this interrogatory is **DENIED**. If Plaintiff requires information regarding Keen's compliance with regulations pertinent to the issues in this case, then Plaintiff needs to draft a more specific interrogatory.

### Interrogatory No. 5

In this interrogatory, Plaintiff asks several questions regarding the load transported by co-defendant, Hasan Norjigitov. Keen answered some of the questions, but failed to provide detailed information about the reasons for and duration of various stops taken by Mr. Norjigitov during a 24-hour travel period. Plaintiff asks the Court to compel Keen to provide more detailed information about what the co-defendant did during his stops. Plaintiff contends that an investigation of Mr. Norjigitov's logs suggests that Mr. Norjigitov may have intentionally falsified or manipulated the logs. Plaintiff argues that the information sought is readily accessible to Keen, although Plaintiff fails to

explain the factual basis for that contention. Keen, on the other hand, denies that it has any additional knowledge concerning of Mr. Norjigitov's trip, including the details of his stops. Keen states that Daily Logs prepared by Mr. Norjigitov constitute the extent of Keen's information on the subject.

To the extent that Keen does have additional information—either in its possession, or reasonably accessible to it—regarding the reasons for and/or duration of Mr. Norjigitov's stops during the relevant twenty-four hour period, Keen is **ORDERED** to provide that information to Plaintiff within **seven days** of the date of this Order. However, if Mr. Norjigitov is the only available source of that information, then Plaintiff will have to direct her inquiry to Mr. Norjigitov.

### **Interrogatory No. 8**

Plaintiff asks Keen to identify the steps it took to qualify Hasan Norjigitov as a driver in accordance with the Federal Motor Carrier Safety Act. Keen objects to the interrogatory as irrelevant and disproportional, stating that the Federal Motor Carrier Safety Act does not require a commercial trucking broker to qualify drivers and adding that Keen did not take any steps to qualify Hasan Norjigitov to obtain or hold a valid commercial driver's license. Plaintiff states that she seeks a simple answer to a simple question; that being, what steps, if any, did Keen take to qualify Mr. Norjigitov as a driver before letting him operate under Keen's authority? According to Plaintiff, Keen has not answered this question. The undersigned agrees with Plaintiff. Keen has answered other questions that were not asked by Plaintiff, but has not directly responded to Plaintiff's query. Therefore, Keen is **ORDERED** within **seven days** of the date of this Order to provide an answer to Interrogatory No. 8.

### Interrogatory Nos. 11 and 12

In these interrogatories, Plaintiff asks for (1) the identity of any person who participated in investigating the accident described in the Complaint; (2) a description of the documents compiled as a result of any such investigation; and (3) the identity and detailed description of any statements made by Hasan Norjigitov following the accident. Keen objects to the requests on the grounds of attorney-client privilege and the attorney work product protection. Otherwise, Keen refers Plaintiff to the investigation performed after the accident by law enforcement.

Plaintiff argues that this response is inadequate for two reasons. First, Keen may have been required to conduct an investigation in the normal course of its business as a motor carrier. In that case, any such investigation would not be privileged or protected. Second, even if the information collected by Keen, or on its behalf, is privileged or protected, Plaintiff contends that Keen is still required to submit a privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A)(ii), so that Plaintiff can decide it she wishes to challenge the designation.

Keen responds that its answer makes clear that any investigation, other than the one performed by law enforcement, was completed by Keen's current counsel or persons working under the direction of counsel. Therefore, Keen should not have to disclose the identities of those individuals, nor should Keen have to submit a privilege log identifying documents that its current counsel created after being retained in the instant matter, as by doing so, Keen would run the risk of disclosing its defense activities and strategies.

In reply, Plaintiff emphasizes the difference between the absolute privilege afforded to attorney-client communications and the qualified protection given to fact attorney work product. Plaintiff points to Keen's contention that the cause of the accident

was an unknown vehicle, which pulled in front of Mr. Norjigitov causing him to stop his truck to avert a collision. Keen attributes its belief about the accident's cause to a statement allegedly made by Mr. Norjigitov to an investigating officer. Plaintiff indicates that the official report of the investigation prepared by law enforcement does not contain such an explanation for the accident. Therefore, Plaintiff presumes that Keen's counsel must have located an additional witness to, or statement or report about, the accident that has not been produced to Plaintiff. Plaintiff argues that such a witness or information should be revealed due to its critical factual importance to the case.

In regard to Plaintiff's last point, if indeed there is a witness or document known to Keen that Keen intends to use in support of a claim or defense, then Keen is obligated to disclose that witness or document pursuant to Fed. R. Civ. P. 26(a)(1)(A). Accordingly, if Keen has not made already made a required disclosure, then Keen is **ORDERED** to do so within **seven days** of the date of this Order.

As to Keen's claim of attorney-client privilege and work product protection, procedurally, when a party withholds information from discovery on the basis of a privilege or protection, the party is required to produce contemporaneously with its discovery response a privilege log that satisfies the requirements of Federal Rule of Civil Procedure 26(b)(5)(A). That rule requires the party withholding any documents to: (1) "expressly make the claim;" and (2) "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Keen has expressly asserted the privilege and protection, but has not described the nature of any documents, communications, or tangible things withheld. Keen implies that all of the materials withheld from discovery

were produced by counsel, at the request of counsel, or under the direction of counsel and were created entirely in the course of defending Keen in this civil action. Plaintiff is skeptical of Keen's representation, because Keen specifically refers to a statement allegedly made by co-defendant Norjigitov to an investigating officer, which could not have been made after institution of this civil action as the official police investigation of the accident predated the lawsuit. As such, any statement by Norjigitov to an officer would not be privileged or protected as work product.

Generally, the work product doctrine protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). Work product falls into two categories: (1) ordinary "fact" work product, which does not contain an attorney's mental impressions and may be discoverable under Rule 26(b)(3)(A) if the adverse party can show a substantial need for the materials and an inability, without undue hardship, to obtain their substantial equivalent by other means; and (2) "opinion" work product, which contains the mental impressions, conclusions, opinions, or legal theories of counsel. *In re Grand Jury Proceedings, Thursday, Special Grand Jury Session Sept. Term,* 1991, 33 F.3d 342, 348 (4th Cir. 1994). In contrast to fact work product, opinion work product enjoys almost absolute immunity from discovery.

Here, Plaintiff is not asking Defendant to prepare a privilege log detailing the contents of defense counsel's litigation file or listing every communication defense counsel has exchanged with their client. Instead, Plaintiff seeks a privilege log that identifies any materials withheld from discovery reflecting an investigation of the accident in dispute, or statements made by Hasan Norjigitov related to the accident. In

addition, Plaintiff seeks the names of individuals involved in investigating the accident, and to the extent that Keen conducted an investigation of the accident in the ordinary course of business, Plaintiff seeks detailed information about that investigation and any documents generated. Without a privilege log, Plaintiff is precluded from assessing the merits of Keen's objection to these interrogatories.

Therefore, Plaintiff is entitled to the following information and Keen is **ORDERED** to provide same within **seven days** of the date of this Order:

1.     The names of any individuals who performed or participated in an investigation of the accident giving rise to the Complaint.

2.     Details about any documents or statements generated from an investigation that was conducted in the ordinary course of Keen's business operations, if any, including, but not limited to, an investigation performed for quality assurance, insurance, or regulatory purposes.

3.     A privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A)(ii), which sets forth any investigative information withheld on the basis of attorney work product. Plaintiff has not asked for the production of these documents. Rather, she has asked whether any such documents exist, and if so, the nature of the documents generated (i.e. statements, diagrams, drawings, photographs, etc. . .). Defendant broadly asserts work product protection without providing any support or explanation for the alleged protection, which is clearly insufficient to meet the mandate of Fed. R. Civ. P. 26(b)(5)(A)(ii). *See Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 536, 542 (N.D.W. Va. 2000). Rule 26(b)(5)(A)(ii) requires Keen to provide enough information about the documents that have been withheld to allow Plaintiff to determine if the documents are indeed deserving of protection, while at the same time not revealing

information that is protected. If Keen believes that it cannot prepare such a log, because any form of identification would reveal protected information, then Keen may submit a log that lists the documents by number, date of preparation, and author, and submit the documents to the undersigned for *in camera* review.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** November 26, 2018

Cheryl A. Eifert
United States Magistrate Judge